IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE CANUELAS, | : | |
| | : | |
| Petitioner | : | CRIMINAL NO. **3:CR-11-330** |
| | : | |
| v. | : | Magistrate Judge Blewitt |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM AND ORDER**

**I. Procedural Background.**

On November 10, 2011, a one-count misdemeanor criminal Information was filed against Defendant Jorge Canuelas ("Petitioner" herein) in the Middle Distort of Pennsylvania, charging that on August 7, 2011, Defendant, while an inmate at FCI-Schuylkill, Pennsylvania, knowingly possessed and obtained a cellular telephone, a prohibited object, in violation of 18 U.S.C. § 1791(a)(2), (b)(4) and (d)(1)(F).

On December 7, 2011, Defendant Canuelas, represented by counsel,[1] was arraigned and pled guilty to the Information. (Doc. 9). The maximum penalty for the stated charge was as follows: one (1) year of imprisonment; a fine of $100,000, a maximum one year term of supervised release; and a $25 special assessment. The parties moved for immediate sentencing at the time of the plea and the Court granted this request.

---

[1] Defendant was represented by the Leo A. Latella, Esq., of the Middle District of Pennsylvania Federal Public Defender's Office.

Thus, on December 7, 2011, the Court sentenced Defendant Canuelas to one month imprisonment to run consecutively to his imprisonment imposed by the District Court for the Eastern District of Pennsylvania in Criminal No. 07-118. (Doc. 10).[2]  The Court also found that Defendant Canuelas did not have the ability to pay a fine.  The Court also specifically advised Defendant Canuelas of his right to appeal his sentence to the U.S. District Court.   (*Id*.).

On January 2, 2012, Petitioner Canuelas filed, *pro se*, a Petition for Reconsideration of his Sentence.[3] **(Doc. 11).**  Petitioner indicates that his Petition is filed under the Sentencing Reform Act and is "a request for sentencing review." (Doc. 11, p. 2).  Respondent United States filed its opposition brief on January 31, 2012. (Doc. 13).  Presently pending before the Court is Petitioner Canuelas' Petition for Reconsideration of his Sentence.

**II. Discussion.**

As mentioned, Petitioner states that his Petition for Reconsideration of his Sentence :is not a binding motion on the District Court but more so a request for sentencing review." (Doc. 11, p. 2). Petitioner requests the Court to consider various factors specified in his Petition which he states were not brought to the Court's attention at time of his sentencing despite his request to his counsel to raise them.  The factors which Petitioner now raises include his alleged back conditions, his

---

[2] Canuelas indicates that his sentence imposed by the District Court for the Eastern District of Pennsylvania in Criminal No. 07-118 was on January 4, 2008. Doc. 11, p. 1.

[3] The Petition for Reconsideration of his Sentence was signed by Petitioner Canuelas on January 2, 2012. (Doc. 11, p. 3). Thus, under the prison mailbox rule, we construe Petitioner's instant Motion as being filed on January 2, 2012.  *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *6, n. 3 (E.D. Pa. 1-28-10).

alleged mental health issues, the alleged harsh conditions of his confinement in the SHU at FCI-Schuylkill for 80-days immediately prior to this guilty plea and sentence, and his satisfactory BOP prison record. Petitioner also requests that the Court consider the fact that in August 2011, he was found guilty of a misconduct in the prison and sanctioned, in part, to 54 days loss of good conduct time and 120 days in disciplinary segregation. Petitioner states that under the sentence imposed by the District Court for the Eastern District of Pennsylvania in Criminal No. 07-118, he has a home detention eligibility date of May 20, 2012. Thus, he requests as relief in his Doc. 11 Petition that the Middle District of Pennsylvania Court "add the 1-month [sentence of] imprisonment [he received in his M.D. Pa. #11-330 case] to the home confinement part of [his Eastern District of Pennsylvania sentence in Criminal No. 07-118]." Therefore, Petitioner essentially requests this Court to change his sentence in his M.D. Pa. #11-330 case from one-month confinement in federal prison to one month home confinement to run consecutively with the home confinement part of his Eastern District of Pennsylvania sentence in Criminal No. 07-118.

In its opposition brief, Respondent United States correctly point out that Petitioner did not cite to any authority for this Court to reconsider its December 7, 2011 sentence and to convert his one-month confinement in federal prison sentence to one-month home confinement. Respondent also contends that this Court lacks jurisdiction to entertain Petitioner's present Petition and his stated request for relief. Respondent further states that generally a sentencing court may revise a sentence only on remand after a successful appeal by a Defendant pursuant to 18 U.S.C. §3742. Respondent also states that a sentence may be modified by the sentencing court under Fed.R.Crim.P. 35(a) "within 7 days" for arithmetical, technical or other clear error. (Doc. 13, pp.

1-2). Respondent concludes that since Petitioner is not requesting this Court to revise his December 7, 2011 sentence on remand after a successful appeal pursuant to 18 U.S.C. § 3742 and since Petitioner is not requesting his sentence to be modified by the sentencing court under Fed.R.Crim.P. 35(a) within the required number of days, Petitioner's instant Doc. 11 Petition must be considered as brought under the Sentencing Reform Act of 1984 which requires that a challenge to a sentence be made *via* a direct appeal pursuant to 18 U.S.C. §3742. (*Id.*, p. 2).

Initially, this Court had jurisdiction to accept Petitioner's guilty plea and to sentence him in the present case pursuant to 18 U.S.C. §3401 and 28 U.S.C. §636. *See U.S. v. Jackson*, 364 Fed.appx. 776 (3d Cir. 2010). Also, this Court's December 7, 2011 sentence imposed on Petitioner Canuelas to one month imprisonment to run consecutively to his imprisonment imposed by the District Court for the Eastern District of Pennsylvania was well below the maximum penalty for the stated convicted charge, which was one (1) year of imprisonment. Further, as stated, Petitioner cites to the Sentencing Reform Act as authority for his Doc. 11 Petition. (Doc. 11, p. 2).

With respect to Petitioner's Doc. 11 Petition, the Court agrees entirely with Respondent. The District Court is vested with appellate jurisdiction to hear a direct appeal from Petitioner regarding his December 7, 2011 sentence pursuant to 18 U.S.C. §3402 and §3742(h). *Id*. In fact, as stated above, this Court specifically advised Petitioner at his December 7, 2011 sentencing that he had the right to appeal his sentence to the District Court. (*See* Doc. 10, p. 2).[4] Additionally, we agree with Respondent United States that neither § 3742 nor Rule 35(a) apply in this case. With

---

[4]If Petitioner filed a direct appeal of his December 7, 2011 sentence with the District Court and he was dissatisfied with the result, he could then appeal the District Court's decision to the Third Circuit pursuant to 28 U.S.C. §1291. *See U.S. v. Jackson*, 364 Fed.Appx. 776.

4

respect to § 3742, Petitioner's sentence was not remanded to this Court after a successful appeal. With respect to Rule 35(a), the correct time limit for a Defendant to request the Court to correct a sentence is within fourteen (14) days after sentencing and not seven (7) days, as Respondent indicates. *See U.S. v. Ross*, 413 Fed.Appx. 457, 461 (3d Cir. 2011). Regardless, Petitioner's Doc. 11 Motion was not timely under Rule 35(a). More importantly, the sentence which this Court imposed on Petitioner did not result from any error. Thus, there is simply no basis for this Court to correct Petitioner's sentencing under Rule 35(a).

Therefore, the Court finds that Petitioner's remedy to appeal his December 7, 2011 sentence lies with the District Court, and that the District Court has jurisdiction over such an appeal under 18 U.S.C. §3742(h). *See U.S. v. Jackson*, *supra*.

### III. Conclusion.

The Court finds that it lacks jurisdiction over Petitioner's instant Petition, and that the District Court has jurisdiction over an appeal of his sentence under 18 U.S.C. §3742(h). Thus, the Court shall dismiss Petitioner Canuelas' Petition for Reconsideration of his Sentence. **(Doc. 11).**

An appropriate Order will be issued.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 3, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE CANUELAS, : | |
| : | |
| Petitioner : | CRIMINAL NO. **3:CR-11-330** |
| : | |
| : | |
| v. : | Magistrate Judge Blewitt |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent : | |

**ORDER**

**AND NOW,** this **3rd** day of **February, 2012**, **IT IS HEREBY ORDERED THAT:**

Petitioner Canuelas' Petition for Reconsideration of his Sentence **(Doc. 11)** is **DISMISSED.**


        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: February 3, 2012**